IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

----------------------------------------------x
:
NICHOLAS A. RUGGIERO            :            3:15 CV 59 (JBA)
:
:
v.                              :
:
RICHARD CLOUGH, ET AL.          :            DATE: JANUARY 23, 2015
:
----------------------------------------------x

RULING ON PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS,
RULING ON MULTIPLE MOTIONS, AND RULING RECOMMENDING DISMISSAL

On January 13, 2015, plaintiff Nicholas A. Ruggiero commenced this action pro se, against Richard Clough, Brian D. Danforth, Esq., Martin Libbin, O'Donovan Murphy, and Joann Miller, all in their official and individual capacities.  (Dkt. #1).[1] In his Complaint, plaintiff alleges claims of excessive force in violation of the Eighth Amendment, a violation of the due process clause of the Fourteenth Amendment, a violation of the First Amendment, a violation of the Americans with Disabilities Act, 42 U.S.C. § 12132(1)(b),  assault and battery, fraud, embezzlement, larceny, fraudulent and negligent misrepresentation, fraudulent concealment, civil RICO, perjury, contempt of court, interfering with "[p]laintiff['s]" probate matters and with a previous federal case, "bed bugs, sick cat allowed to stay creating sick plaintiff, no hot water, [and] comput[e]r damage."  (Dkt. #1-1, at 3-4).

On the same day that plaintiff filed his Complaint, he filed a Motion for Leave to Proceed In Forma Pauperis (Dkt. #2; see also Dkt. #28), along with eighteen additional motions (Dkts. ## 4-12, 16-24), and on January 20, 2015, plaintiff filed a Motion to Amend

---

[1] Attached to plaintiff's Complaint is a copy of the Complaint filed in the Connecticut Superior Court, Small Claims Session, in which he asserts the same claims against the same defendants.  (Dkt. #1-2). See also note 2 infra.

his Complaint. (Dkt. #29).  On January 20, 2015, United States District Judge Janet Bond Arterton referred these twenty pending motions to this Magistrate Judge.  (Dkt. #30).

### I. IFP AND MERITS OF PLAINTIFF'S COMPLAINT

Plaintiff's Financial Affidavit in support of his Motion for Leave to Proceed In Forma Pauperis is unsigned.  Accordingly, plaintiff's Motion for Leave to Proceed In Forma Pauperis (Dkt. #2) is denied without prejudice to refiling, as plaintiff has failed to properly complete the in forma pauperis application.

Plaintiff purports to commence this action by Notice of Removal from State Court; however, removal is a procedure for a defendant or defendants to "remove any civil action from a State court" to a district court for the district within which such action is pending.  28 U.S.C. § 1446.  The notice of removal of a civil action shall be filed within thirty days after the receipt by the defendant of a copy of the initial pleading.  28 U.S.C. § 1446(b).  The action that plaintiff purports to remove is an action in Connecticut Superior Court, Small Claims Session, which he, as the plaintiff in that action, commenced on September 5, 2014, and in which defendants filed their answer on September 9, 2014.  Plaintiff lacks grounds to remove his own action to this Court.

Additionally, jurisdiction over the claims asserted in plaintiff's rambling state court – now federal court — complaint is lacking. Federal courts are courts of limited jurisdiction. U.S. CONST., Art. III.  To come within this Court's subject matter jurisdiction, plaintiff must plead a colorable claim arising under the Constitution or laws of the United States, or a claim between parties with complete diversity of citizenship and damages exceeding $75,000. See Da Silva v. Kinsho Int'l Corp, 229 F.3d 358, 363 (2d Cir. 2000).  In this case, plaintiff's Complaint, which is a duplicate of his Complaint filed in the Connecticut Superior Court, Small

Claims Session, fails to assert a colorable claim to satisfy federal jurisdictional requirements. While plaintiff asserts that his case involves claims, inter alia, under the Fourteenth and First Amendments, civil RICO statute, and the ADA, his underlying allegations, which are largely incoherent, fail to state such claims. Additionally, as drafted, plaintiff's Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure, which Rule provides that "[a] pleading that states a claim for relief must contain," among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief."  On  January 20, 2015, plaintiff filed a Motion to Amend his Complaint (Dkt. #29), but such motion is devoid of amendments.  In light of plaintiff's improper removal of his state court action, plaintiff's Motion to Amend his Complaint (Dkt. #29) is denied and this Magistrate Judge recommends to Judge Arterton that his Complaint be remanded back to state court.

## II. ADDITIONAL MOTIONS

Plaintiff has filed eighteen additional motions, the first nine of which bear the state court case number and are directed to the Small Claims action, and the remaining nine motions are identical in content but bear this case number and are directed to this court. (Dkts. ##4-12, 16-24).

### A. MOTION FOR DENIAL OF TRANSFER (Dkts. ##4, 24) AND MOTION TO TRANSFER TO THE REGULAR DOCKET OF THE UNITED STATES DISTRICT COURT IN HARTFORD (Dkts. ##6, 16)

In plaintiff's Motion for Denial of Transfer (Dkts. ##4, 24), and Motion to Transfer to the Regular Docket of the United States District Court in Hartford (Dkts. ##6, 16; see also Dkts. ##26-27), plaintiff seeks to have this action transferred to Hartford.  Plaintiff's Motion for Denial of Transfer (Dkts. ##4, 24) relates to actions taken in his state court case. Accordingly, plaintiff's Motion (Dkts. ##4, 24) is denied without prejudice to refiling in his

state court action.

In his Motion to Transfer to the Regular Docket of the United States District Court in Hartford (Dkts. ##6, 16), plaintiff seeks to have this case transferred from New Haven to Hartford for his convenience.  Rule 40(a) of the Local Rules for the United States District Court for the District of Connecticut reads: "The place of assignment of a case will be determined by the Court in accordance with a general policy on assignments adopted from time to time by the active Judges of the Court in the interest of the effective administration of justice."  Upon "removal" to this court, plaintiff's case was assigned to the Honorable Janet Bond Arterton who sits in New Haven.  Once the case is assigned to a Judge, the case remains "assigned . . . from filing to termination."  D. Conn. Civ. R. 40(b).  Accordingly, plaintiff's Motion to Transfer to the Regular Docket of the United States District Court in Hartford (Dkts. ##6, 16) is denied.

### B. MOTION FOR CONSOLIDATION OF ACTION (Dkts. ##5, 17)

This five-line motion consists only of a reference to Connecticut Practice Book Section 9-5(a), without any connection to pending cases for consolidation.  (Dkts. ##5, 17). The Connecticut Practice Book does not apply to an action in federal court; rather, the Federal Rules of Civil Procedure govern.  Accordingly, plaintiff's Motion for Consolidation of Action (Dkts. ##5, 17) is denied without prejudice to refiling in his state court action.

### C. MOTION FOR INTERESTED PERSONS AS DEFENDANTS (Dkts. ##9, 20)

In plaintiff's Motion for Interested Persons As Defendants (Dkts. ##9, 20), plaintiff lists the names of the defendants already named in this case and recites Connecticut Practice Book Section 9-6, which provision does not apply to an action proceeding in federal court. Accordingly, plaintiff's Motion for Interested Persons as Defendants (Dkts. ##9, 20) is denied

without prejudice to refiling in his state court action.

>  D. MOTION FOR DEFAULT FOR FAILURE TO APPEAR (Dkts. ##10, 22) AND MOTION FOR DEFAULT FOR FAILURE TO NOTIFY OF CONTINUANCE (Dkts. ##12, 23)

In his Motion for Default for Failure to Appear, plaintiff, citing Connecticut Practice Book Section 10-12, asserts that defendants failed to appear for an Examination Judgment Debtor hearing in the state court action. (Dkts. ##10, 22). Similarly, in his Motion for Default for Failure to Notify of Continuance (Dkts. ##12, 23), plaintiff posits no argument, references a date that pre-dates this suit by a year, and generally references the Connecticut Practice Book. As stated above, this action is proceeding in federal court pursuant to the Federal Rules of Civil Procedure, not the Connecticut Practice Book, and defendants have not defaulted in this action, which was filed just last week. Accordingly, plaintiff's Motion for Default for Failure to Appear (Dkts. ##10, 22) and his Motion for Default for Failure to Notify of Continuance (Dkts. ##12, 23) are denied without prejudice to refiling in his state court action.

>  E. MOTION GRANTING OF & OBJECTION TO REQUEST TO REVISE & OR MOTION FOR ARTICULATION & MOTION TO STAY PENDING RULING (Dkts. ##11, 21), MOTION GRANTING OF & OBJECTION TO "BIFURCATION" REQUEST FOR DENIAL OF "BIFURCATION" (Dkts. ##7, 18), AND MOTION REQUEST TO MARK JUDGMENT "UNSATISFIED" (Dkts. ##8, 19)

Plaintiff's Motion Granting of and Objection to Request to Revise and or Motion For Articulation and Motion to Stay Pending Ruling (Dkts. #11, 21) relates to motions filed in the state court action, and in support of this motion, plaintiff relies on Connecticut Practice Book Sections 17-48 and 24-33. Plaintiff's Motion Granting of and Objection to "Bifurcation" Request for Denial of "Bifurcation" (Dkts. ##7, 18) relates to a bifurcation motion filed by defendants in his state court action. Similarly, in support of plaintiff's Motion Request to Mark

5

Judgment "Unsatisfied[,]" plaintiff relies on Connecticut Practice Book Section 9-17. (Dkts. ##8, 19).[2] These six motions (Dkts. ##7, 8, 11, 18, 19, 21) are <u>denied without prejudice to refiling in his state court action</u>.

### III. CONCLUSION

For the reasons set forth above, plaintiff's Motion for Leave to Proceed <u>In Forma Pauperis</u> (Dkt. #2) is <u>denied without prejudice to refiling</u>;

plaintiff's Motion for Denial of Transfer (Dkts. ##4, 24) is <u>denied without prejudice to refiling in his state court action</u>;

plaintiff's Motion to Transfer to Regular Docket of the United States District Court in Hartford (Dkts. ##6, 16) is <u>denied</u>;

plaintiff's Motion for Consolidation of Action (Dkts. ##5, 17) is <u>denied without prejudice to refiling in his state court action</u>;

plaintiff's Motion for Interested Persons as Defendants (Dkts. ##9, 20) is <u>denied without prejudice to refiling in his state court action</u>;

plaintiff's Motion for Default for Failure to Appear (Dkts. ##10, 22) is <u>denied without prejudice to refiling in his state court action</u>;

plaintiff's Motion for Default For Failure to Notify of Continuance (Dkts. ##12, 23) is <u>denied without prejudice to refiling in his state court action</u>;

plaintiff's Motion Granting Of & Objection to Request To Revise & Or Motion For Articulation & Motion to Stay Pending Ruling (Dkts. ##11, 21) is <u>denied without prejudice to refiling in his state court action</u>;

---

[2] Plaintiff also had a Housing Court action in the Connecticut Superior Court, Small Claims session, against defendant Clough, in which this Motion to Mark Judgment "Unsatisfied" was filed. (Dkts. ##8, 19).

6

plaintiff's Motion Granting Of & Objection to "Bifurcation" Request for Denial of "Bifurcation" (Dkts. ##7, 18) is <u>denied without prejudice to refiling in his state court action</u>;

plaintiff's Motion Request to Mark Judgment "Unsatisfied" (Dkts. ##8, 19) is <u>denied without prejudice to refiling in his state court action</u>;

plaintiff's Motion to Amend (Dkt. #29) is <u>denied</u>;

and this Magistrate Judge recommends to Judge Arterton that the case, which was improperly removed from state court, be remanded back to state court forthwith.

<u>See</u> 28 U.S.C. § 636(b)(**written objections to ruling must be filed within fourteen days after service of same**); FED. R. CIV. P. 6(a) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Small v. Sec'y, H & HS</u>, 892 F.2d 15, 16 (2d Cir. 1989)(**failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit.**).

Dated at New Haven, this 23rd day of January, 2015.

        /s/ Joan G. Margolis, USMJ_____
Joan Glazer Margolis
United States Magistrate Judge